IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WALLACE DWAYNE PETERSON, JR.**                                                **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.** 1:20-cv-216-HSO-JCG

**PEARL RIVER COUNTY, MISSISSIPPI;**
**DAVID ALLISON, Individually; and**
**JOHN AND JANE DOES 1-10, Individually**                                    **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED EXCLUDING COUNT SIX)**

**COMES NOW**, the Plaintiff, Wallace Dewayne Peterson, Jr., by and through his counsel, Smith & Holder, PLLC, and files his Complaint against the Defendants, Pearl River County, Mississippi; David Allison, in his individual capacity; and John and Jane Does 1-10, in their respective individual capacities, stating as follows:

**PARTIES**

1. The Plaintiff, Wallace Dewayne Peterson, Jr., is an adult resident citizen of Pearl River County, Mississippi.

2. Defendant Pearl River County, Mississippi ("Defendant County") is a political subdivision and governmental entity established under and operating by virtue of the laws of the State of Mississippi. The Pearl River County Sheriff's Department ("PRCSD") is a department within and the law enforcement arm of Defendant County. Defendant County may be served with process upon its Chancery Clerk, Melinda Smith Bowman, at 200 South Main Street, Poplarville, Mississippi 39470.

3.     Defendant David Allison ("Defendant Allison") is and was, at all material times, a resident of Mississippi, a law enforcement officer with the PRCSD, and the duly elected Sheriff of Defendant County. The acts and omissions of Defendant Allison alleged in this Complaint were taken under color of the laws of the State of Mississippi and/or Defendant County during the course and scope of his employment as a law enforcement officer with the PRCSD and as the sheriff of Defendant County. Defendant Allison is sued in his individual capacity and may be served with process at 200 South Main Street, Poplarville, Mississippi 39470.

4.     Despite thorough investigatory efforts by counsel, the identities of Defendants John and Jane Does 1-10 (collectively, the "Doe Defendants") are unknown, but they are, upon information and belief, officers, employees, agents, or servants of Defendant County. Mr. Peterson will amend this Complaint to allege the true and proper identities of the Doe Defendants and alleges that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Mr. Peterson's injuries and damages were directly and proximately caused by their conduct. At all material times, the Doe Defendants were acting under color of law, within the course and scope of their employment with Defendant County, and with the permission and consent of Defendant County. The Doe Defendants are sued in their respective individual capacities. Defendant Allison and the Doe Defendants may sometimes be referred to collectively as the "Defendant Officers."

5.     Mr. Peterson is a citizen of the United States, and the individual Defendants sued herein are persons for the purpose of 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

6. This is an action at law under 42 U.S.C. §§ 1983 and 1988 and the laws of the State of Mississippi to redress the deprivation of Mr. Peterson's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

7. This Court has original jurisdiction over Mr. Peterson's federal constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

8. Mr. Peterson invokes the supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367(a), to consider his state law claims as they are part of the same case and controversy described by his federal constitutional claims.

9. Mr. Peterson has complied with the jurisdictional notice requirement of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-11, proof of which is attached hereto as Exhibit "1."

10. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391(b)(1), (2), and (3), as most or all of the Defendants reside and may be found in the Southern District of Mississippi, and all or a substantial portion of the events giving rise to Mr. Peterson's claims occurred in the Southern District of Mississippi.

## FACTS

11. On or about August 23, 2019 around 7:30 a.m., agents or employees of Defendant County, including Defendant Allison and the Doe Defendants, drove to Mr. Peterson's home.

12. When the Defendant Officers arrived at his residence, Mr. Peterson was asleep on the couch inside his living room only several feet from the front door. The

Defendant Officers kicked in or broke in through the front door of the Peterson residence without knocking, announcing their presence, or otherwise affording Mr. Peterson an opportunity to come to the door. The Defendant Officers undertook all of the actions complained of herein without a search warrant, arrest warrant, or any probable or justifiable cause.

13.  Upon breaking into Mr. Peterson's residence, one or more of the Doe Defendants recklessly and intentionally, without any legal or justifiable reason, violently assaulted Mr. Peterson by striking Mr. Peterson in the face with their shotguns or similar firearms issued to the Doe Defendants by the PRCSD. Immediately thereafter, one or more of the Defendant Officers recklessly, intentionally, and without reason slammed Mr. Peterson to the floor, handcuffed him, and forced him outside while other Defendant Officers ransacked Mr. Peterson's residence. In addition to the multiple assaults, Mr. Peterson was traumatized by being forced to remain outside for approximately three (3) hours - wearing only his underwear - while Defendant Officers tore apart his residence.

14.  Mr. Peterson was then unlawfully arrested. The baseless and fabricated charges, however, were subsequently dismissed.

15.  During the unlawful search or immediately following Mr. Peterson's unlawful arrest, Defendant Officers, without any justification, seized a substantial amount of United States currency located in Mr. Peterson's bedroom safe, money which has never been returned to Mr. Peterson.

16. The Doe Defendants undertook these reckless and intentional acts under the personal supervision and direction of Defendant Allison, who was physically present and participating in the events referenced throughout this Complaint.

17. At all material times, the Defendant Officers were acting under color of the laws of the State of Mississippi and/or Defendant County and in the course and scope of their employment with Defendant County.

18. At all material times, Mr. Peterson never made any sudden movements or gestures that could be interpreted by Defendant Officers, or any objectively reasonable law enforcement officer, as being aggressive or threatening. Mr. Peterson took no action, nor did he say anything, that would cause Defendant Officers, or any objectively reasonable law enforcement officer, to believe he posed a threat of serious physical harm, or any harm whatsoever, to Defendant Officers, the public, or anyone else. Mr. Peterson complied with any and all orders, whether lawful or unlawful, from Defendant Officers. Mr. Peterson did not resist his unlawful arrest or the unlawful search of his residence, did not act in a belligerent or aggressive manner, and did not possess or attempt to possess a weapon at any time.

19. At all material times, Mr. Peterson was not engaged in criminal activity.

20. As a result of Defendants' conduct, Mr. Peterson suffered injuries to his face, head, mouth, and wrists. He presented to and received treatment for his injuries at Pearl River County Hospital in Poplarville, Mississippi, where he was diagnosed and treated for a concussion, head and facial contusions and abrasions, and wrist contusions and abrasions, said injuries being severe enough to cause permanent nerve damage to his

face and mouth. Additionally, Mr. Peterson suffered damage to his residence and incurred other incidental expenses as a result of Defendants' conduct.

## COUNT ONE

### EXCESSIVE FORCE CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANT OFFICERS IN THEIR INDIVIDUAL CAPACITIES

21. Mr. Peterson hereby adopts each and every paragraph preceding Count One of this Complaint and makes the same a part of this Count.

22. The Fourth Amendment, as incorporated and applied to the states through the Fourteenth Amendment, protects against unreasonable seizures, including the use of excessive force by law enforcement officers when making an arrest, regardless of whether the arrest is lawful or unlawful. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989).

23. At all material times, Mr. Peterson had a clearly established constitutional right under the Fourth Amendment to bodily integrity and to be secure in his person from unreasonable seizure through the use of excessive force by law enforcement. Any objectively reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct, as such rights were clearly established at that time.

24. The facts and circumstances show that the acts of the Defendant Officers in recklessly and intentionally striking Mr. Peterson in the face with their shotguns or

similar firearms and slamming Mr. Peterson to the ground were excessive and objectively unreasonable.

25. At all material times, Defendant Officers did not have probable cause, or any cause whatsoever, to believe Mr. Peterson posed a threat of serious physical harm, or any physical harm, to the Defendant Officers or to any other person. Consequently, Defendant Officers' acts of injuring Mr. Peterson by striking him in the face with their shotguns or similar firearms and slamming him to the ground were unwarranted and objectively unreasonable when comparing or balancing the amount of force used against the complete absence of any need for the force.

26. Mr. Peterson would allege and show the Defendant Officers violated his right under the Fourth Amendment to be free from unreasonable seizures by using excessive and objectively unreasonable force while acting under color of law, a violation which directly and proximately caused Mr. Peterson's injuries and damages.

**COUNT TWO**

**UNREASONABLE SEARCH AND SEIZURE CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANT OFFICERS IN THEIR INDIVIDUAL CAPACITIES**

27. Mr. Peterson hereby adopts each and every paragraph preceding Count Two of this Complaint and makes the same a part of this Count.

28. The Fourth Amendment, as incorporated and applied to the states through the Fourteenth Amendment, protects against unreasonable searches and seizures, and the right to privacy, freedom, and to be free from unreasonable government intrusion in one's own home is at the very core of the Fourth Amendment's protection.

29. The Defendant Officers' warrantless search of Mr. Peterson's residence is presumptively unreasonable. The initial entry into and search of Mr. Peterson's residence was conducted without a valid search or arrest warrant, and without any probable or justifiable cause. Mr. Peterson did not consent to the initial entry into and search of his residence, there were no exigent circumstances justifying the initial entry into or the search of Mr. Peterson's residence by the Defendant Officers, and the seizure of Mr. Peterson's person and effects, including a substantial amount of United States currency located in Mr. Peterson's bedroom safe which has never been returned to Mr. Peterson, is also presumptively unreasonable and unlawful.  Further, there was no special need divorced from the state's general interest in law enforcement justifying the Defendant Officers' warrantless initial entry, the search of Mr. Peterson's residence, or the seizure of Mr. Peterson's property and effects by the Defendant Officers.

30. At the time of the complained of events, Mr. Peterson had a clearly established constitutional right under the Fourth Amendment to privacy, freedom, and to be free unreasonable, warrantless intrusions into and searches of his residence by law enforcement. Any objectively reasonable law enforcement officer knew or should have known of this right at the time of the complained of conduct, as such right was clearly established at that time.

31. At the time of the complained of events, Mr. Peterson had a clearly established constitutional right under the Fourth Amendment to be free unreasonable seizures of his person, property, and effects by law enforcement. Any objectively

reasonable law enforcement officer knew or should have known of this right at the time of the complained of conduct, as such right was clearly established at that time.

32. Mr. Peterson alleges the Defendant Officers violated his right under the Fourth Amendment to be free from unreasonable searches and seizures by entering and searching his residence without a valid warrant or probable cause of any kind, and by seizing Mr. Peterson's personal property and effects. The Defendant Officers undertook these actions while acting under color of law, a violation which directly and proximately caused Mr. Peterson's injuries and damages.

## COUNT THREE

### UNREASONABLE SEIZURE (FALSE ARREST/IMPRISONMENT) UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT OFFICERS IN THEIR INDIVIDUAL CAPACITIES

33. Mr. Peterson hereby adopts each and every paragraph preceding Count Three of this Complaint and makes the same a part of this Count.

34. The Fourth Amendment, as incorporated and applied to the states through the Fourteenth Amendment, protects against unreasonable seizures.

35. Mr. Peterson submits that he was unlawfully and intentionally seized and arrested by the Defendant Officers in his home, without an arrest warrant and without probable cause to reasonably believe that Mr. Peterson had been or was then engaged in criminal conduct. Defendant Officers' actions when arresting Mr. Peterson, in the absence of an arrest warrant or probable cause to reasonably believe that Mr. Peterson had been or was then engaged in criminal conduct, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of Mr. Peterson.

36. At the time of the complained of events, Mr. Peterson had a clearly established constitutional right under the Fourth Amendment to be free unreasonable seizure and arrest by law enforcement. Any objectively reasonable law enforcement officer knew or should have known of this right at the time of the complained of conduct, as such right was clearly established at that time.

37. Mr. Peterson alleges the Defendant Officers violated his right under the Fourth Amendment to be free from unreasonable seizure, and as a direct and proximate cause of that violation, Mr. Peterson suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, medical expenses for treatment and care, and legal expenses related to the baseless charges against him.

## COUNT FOUR

### SUPERVISORY LIABILITY CLAIM UNDER 42 U.S.C. § 1983
### AS TO DEFENDANT ALLISON IN HIS INDIVIDUAL CAPACITY

38. Mr. Peterson hereby adopts each and every paragraph preceding Count Four of this Complaint and makes the same a part of this Count.

39. Mr. Peterson submits Defendant Allison's own conduct deprived Mr. Peterson of his Fourth Amendment rights, as incorporated and applied to the states through the Fourteenth Amendment, to be free from unreasonable searches and seizures, including seizure through the use of excessive force.

40. At all material times, Defendant Allison was acting under color of state law as an agent or employee of Defendant County and was acting as the duly elected sheriff

of Defendant County. Accordingly, at all material times, Defendant Allison was acting in the course and scope of his duties as sheriff of Defendant County.

41. At all material times, Defendant Allison implemented unconstitutional policies, failed to train, and failed to supervise the Doe Defendants. The implementation of these unconstitutional policies, failure to train and supervise the Doe Defendants by Defendant Allison, and his personal participation in the unconstitutional acts and omissions by the Defendant Officers directly and proximately caused the violation of Mr. Peterson's Fourth Amendment rights and the resulting injuries and damages sustained by Mr. Peterson.

42. Additionally, Defendant Allison failed to take reasonable steps to prevent the Doe Defendants from using excessive force against Mr. Peterson and from conducting an unreasonable search of Mr. Peterson's home and seizure of Mr. Peterson's person and effects.

43. Further, Defendant Allison failed to take reasonable steps to intervene and protect Mr. Peterson from such excessive force and from the unreasonable search and seizure.

44. Mr. Peterson would allege and show that Defendant Allison acted and/or failed to act as complained of herein, and that such acts and/or failures constitute deliberate indifference to the violations of Mr. Peterson's constitutional rights by the Defendant Officers.

45. Defendant Allison undertook these actions while acting under color of law, a violation which directly and proximately caused Mr. Peterson's injuries and damages.

## COUNT FIVE

### *MONELL* CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANT COUNTY

46. Mr. Peterson hereby adopts each and every paragraph preceding Count Five of this Complaint and makes the same a part of this Count.

47. Defendant County, acting by and through its elected and appointed officials, including Defendant Allison, established customs, policies, practices, decisions, and procedures amounting to deliberate indifference to, and which directly and proximately caused and were the moving force leading to the deprivation of Mr. Peterson's constitutional rights and the resulting injuries and damages to Mr. Peterson alleged herein.

48. Defendant County is liable to Mr. Peterson under 42 U.S.C. § 1983 because the execution of its policies, customs, practices, decisions, and procedures made by its lawmakers, elected and appointed officials, or by those whose edicts or acts may fairly be said to represent official policy, including those of Defendant Allison, inflicted the injuries and damages sustained by Mr. Peterson. *See Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

49. Such written and/or unwritten customs, policies, practices, and procedures include, without limitation, the following:

    a. Inadequate and improper training, supervision, and discipline of law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants;

    b.    Inadequate and improper procedures and practices in screening, hiring, training, supervising, and disciplining of law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants, who practice, condone, or use excessive force and unreasonable searches and seizures upon arrestees or others, including Mr. Peterson, in violation of their constitutional rights;

    c.    Inadequate and improper procedures, policies, and practices for investigating improper activities by law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants, either through arrestee complaints of misconduct or through internally initiated complaints or investigations;

    d.    Inadequate or improper procedures, policies, and practices for identifying and taking appropriate action against law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants, who are in need of re-training, corrective measures, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent violations of the constitutional rights of arrestees, including Mr. Peterson;

e. Maintaining a custom or practice of tacit approval and/or tolerance of the use of excessive force upon arrestees and/or unreasonable searches and seizures by law enforcement officers employed by the Defendant County;

f. Permitting law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants, to carry and use their personal firearms while acting as a law enforcement officer under color of law under the laws of the State of Mississippi and/or Defendant County and while acting within the course and scope of their employment as law enforcement officers with the Defendant County;

g. Permitting law enforcement officers employed by the Defendant County, including Defendant Allison and the Doe Defendants, to carry out duties while experiencing significant emotional and psychological issues, and thus, causing its citizens, including Mr. Peterson in the instant cause, to have their constitutional rights trampled upon;

h. The failure to dispatch appropriate personnel to respond and effectuate search and/or arrest warrants for non-violent offenses;

i. Failure to provide law enforcement training policies for the proper use of firearms;

   j. Failure to provide law enforcement training policies for the proper use of non-lethal, self-defense measures;

   k. Failure to provide law enforcement training policies and/or implementing inadequate and improper procedures, policies, and practices for the necessity of establishing grounds for the issuance of search warrants, execution of search warrants, and the requirements of filing returns and inventories of search warrants; and

   l. Failure to provide law enforcement training policies for limiting the excessive use of force.

  50. In establishing these written and/or unwritten customs, policies, practices, decisions, and procedures as set forth above, Defendant County knew or should have known that it was violating Mr. Peterson's constitutional rights, as Defendant County knew there would be recurring situations involving search and/or arrest warrants to be served and executed on persons within its jurisdiction. The use of excessive force and unreasonable searches and seizures by the Defendant Officers followed Defendant County's customs, policies, practices, decisions, and procedures, and thus, Defendant County's customs, policies, practices, decision and procedures allowed for, and even directed an excessive use of force upon, and an unreasonable seizure of, Mr. Peterson, as well as an unreasonable search and seizure of his residence, person, and effects, and demonstrates a deliberate indifference on the part of the policymakers of the Defendant County to the constitutional rights of persons within Pearl River County, Mississippi, including Mr. Peterson.

51. Defendant County has the ministerial, nondelegable duty to ensure the PRCSD and other law enforcement arms are operated in a fashion that protects the constitutional rights of people within its jurisdiction, and it has failed in performing that nondelegable duty with respect to Mr. Peterson.

52. At all material times, Mr. Peterson had a clearly established right under the Fourth Amendment to be free from unreasonable searches and seizures. Defendant County deprived Mr. Peterson of those rights due to its deliberate indifference, and such written and/or unwritten customs, policies, practices, decisions, and procedures as set forth above were the moving force leading to the violation of Mr. Peterson's constitutional rights, a violation which directly and proximately resulted in Mr. Peterson's injuries and damages.

## COUNT SIX

### RECLESS DISREGARD CLAIM UNDER THE MISSISSIPPI TORT CLAIMS ACT AS TO DEFENDANT COUNTY

53. Mr. Peterson hereby adopts each and every paragraph preceding Count Six of this Complaint and makes the same a part of this Count.

54. At all material times, the Defendant Officers were employed by the Defendant County as sheriff (Defendant Allison) and sworn law enforcement officers (Doe Defendants) with full authority to act for and on behalf of the Defendant County. The acts of the Defendant Officers are imputed to the Defendant County under the doctrine of *respondeat superior*.

55. The acts and omissions of the Defendant Officers complained of occurred while the Defendant Officers were engaged in the performance or execution of their duties and activities as sheriff and/or law enforcement officers employed by the Defendant County, and the Defendant Officers acted in reckless disregard of the health, safety, and well-being of Mr. Peterson.

56. At all material times, Mr. Peterson was not engaged in criminal activity.

57. All of the aforementioned actions, inactions, omissions, and commissions, which rise to the level of reckless disregard, proximately caused or contributed to the subject incident and Mr. Peterson's injuries and damages.

58. As a result of the Defendant Officers' conscious and reckless disregard, Mr. Peterson sustained injuries and damages.

59. With respect to Count Six only, Mr. Peterson demands judgment against the Defendant County in an amount not to exceed the maximum amount recoverable under the Mississippi Tort Claims Act.

## DAMAGES

60. Mr. Peterson hereby adopts each and every paragraph set forth above as if specifically set forth herein, with respect to all claims.

61. As a direct and proximate result of the aforementioned actions, inactions, omissions, and commissions of the Defendants, Mr. Peterson has suffered injuries and damages, including:

    a. Past, present, and future medical bills and expenses;

    b. Past, present, and future physical pain and suffering;

  c. Past, present, and future mental anguish, anxiety, and distress;

  d. Loss of enjoyment of life;

  e. Loss of income;

  f. Loss of money;

  g. Property damage and incidental expenses related thereto;

  h. Attorney's fees and other legal expenses and costs related to the defense of the frivolous criminal charges filed against him; and

  i. All other character and kind of damages as may be shown from the evidence at trial.

62. Pursuant to 42 U.S.C. § 1988, Mr. Peterson is entitled to an award of attorneys' fees and costs, including expert fees, incurred in the prosecution of his federal constitutional claims.

63. Further, the conduct of the Defendants was motivated by evil intent or demonstrates reckless or callous indifference to Mr. Peterson's constitutional rights. Thus, Mr. Peterson is entitled to an award of punitive damages (excluding Count Six under the MTCA).

## JURY DEMAND

64. Mr. Peterson hereby demands a trial by jury on all claims so triable.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Wallace Dwayne Peterson, Jr., demands judgment of and from the Defendants for the injuries and damages set forth herein in an amount to be determined at trial, and with respect to Count Six, demands judgment in an amount not to exceed the maximum amount recoverable under

the Mississippi Tort Claims Act. Additionally, pursuant to 42 U.S.C. § 1988, Mr. Peterson prays for an award of attorneys' fees and costs, including expert fees, incurred in the prosecution of his constitutional and federal law claims. Mr. Peterson further prays for an award of punitive damages where legally and factually appropriate.

**RESPECTFULLY SUBMITTED**, this the 1st day of July, 2020.

**WALLACE D. PETERSON, JR., PLAINTIFF**

By: /s/ G. Morgan Holder
G. MORGAN HOLDER

G. Morgan Holder (MSB# 104131)
Christopher Smith (MSB# 104366)
**SMITH & HOLDER, PLLC**
2209 23rd Avenue (39501)
Post Office Box 1149
Gulfport, MS 39502-1149
Telephone: (228) 206-7076
Facsimile: (228) 284-1870
Email: morgan@smithholder.com
        chris@smithholder.com