IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WALLACE DWAYNE PETERSON, JR.**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:20-cv-216-HSO-JCG**

**PEARL RIVER COUNTY, MISSISSIPPI;**
**DAVID ALLISON, Individually; and**
**JOHN AND JANE DOES 1-10, Individually**                         **DEFENDANTS**

### DAVID ALLISON'S MEMORANDUM
### OF AUTHORITIES IN SUPPORT OF MOTION FOR
### <u>JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY</u>

Comes now, Sheriff David Allison, by and through counsel, and pursuant to 12(c) of the Federal Rules of Civil Procedure, respectfully submits his Memorandum of Authorities in Support of Motion for Judgment on the Pleadings Based on Qualified Immunity as follows:

### INTRODUCTION

According to Plaintiff's Complaint, this matter arises out of Plaintiff's arrest at his home on August 23, 2019. *CM/ECF Doc. No. 1* ("*Compl.*") ¶ 11. Plaintiff alleges that he suffered multiple constitutional violations as a result of the encounter. *Id* ¶¶ *11-52*. Plaintiff's Complaint asserts claims against, among others, Pearl River County, Mississippi Sheriff David Allison in his **individual capacity**. *Id*. ¶ 3.

As this Court is well-aware, when Section 1983 claims are asserted against an officer in his "individual capacity," a heightened pleadings standard applies. *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). Plaintiff's Complaint

fails to meet the standard and should be dismissed, or in the alternative, a *Schultea* Reply required or limited immunity related discovery permitted.

## BACKGROUND FACTS

According to Plaintiff's Complaint, at 7:30 AM on August 23, 2019, Sheriff Allison and Pearl River County deputies drove to Plaintiff's home. *Compl.* ¶ 11. When the officers arrived at Plaintiff's residence, he contends he was asleep on the couch inside his living room only several feet from the front door. *Id.* ¶ 12.

Plaintiff contends officers kicked in/broke in through the front door of his residence "without knocking, announcing their presence, or otherwise affording [Plaintiff] an opportunity to come to the door." *Id*. Plaintiff alleges that the officers did not have a search warrant, arrest warrant, or any probable or justifiable cause to enter and arrest him. *Id.*

Plaintiff's Complaint also alleges that upon entering the residence, one (1) or more of the Doe Defendants recklessly and intentionally, without any legal or justifiable reason, violently assaulted Plaintiff by striking him in the face with their shotguns/firearms. *Id.* ¶ 13. According to his Complaint, Plaintiff did not act in an aggressive or threatening manner and posed no threat of serious physical harm. *Id.* ¶ 18.

Immediately thereafter, Plaintiff contends that one (1) or more of the Defendant Officers recklessly, intentionally, and without reason slammed Plaintiff to the floor, handcuffed him, and forced him outside while others ransacked Plaintiff's residence. *Id.*

¶ 13. Plaintiff contends that he was then unlawfully arrested and that the charges have since been dismissed. *Id.* ¶ 14.

Notably, Plaintiff contends that during the unlawful search of his home Officers seized a substantial amount of United States currency which has never been returned to Mr. Peterson. *Id.* ¶ 15.

As to Sheriff Allison's role in the events, Plaintiff seems only to allege that the deputies acted under Allison's personal supervision and direction and that Sheriff Allison "was physically present and participating in the events referenced throughout this Complaint." *Id.* ¶ 16.

## STANDARD OF REVIEW

Rule 12(c) of the *Federal Rules of Civil Procedure* governs this Motion inasmuch as a responsive pleading has already been filed. *See, e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999); *Robertson v. Mullins*, 2:12CV57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's First Amended Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege sufficient factual matter "to state a claim that is plausible on its face." *Twombly,* 550 U.S. at 570. "[W]hen

the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S.Ct. at 1966 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 234)(quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## CLAIMS

Plaintiff's Complaint lacks significant details, but it appears Plaintiff is asserting the following claims against Sheriff Allison in his individual capacity: (1) excessive force; (2) illegal search; (3) illegal seizure; (4) failure to supervise.

## ARGUMENT

Law enforcement officials, like Sheriff Allison, "acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also*, *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in *Saucier* is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good faith performance of their duties." *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. *See*, *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); *see also,* L.U. Civ R. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.

1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks*, 41 F.3d at 995. In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Id.*; *see also, Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff's Complaint does not meet the heightened pleading standard.

## I.     FOURTH AMENDMENT: EXCESSIVE FORCE

Plaintiff contends that his Fourth Amendment rights were violated when he was subjected to excessive force during his August 23, 2019, arrest. *Compl.* ¶¶ 21-26. *See*, *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Plaintiff entitles Count I as "excessive force claim under 42 U.S.C. § 1983 as the Defendant Officers in Their Individual Capacities." *Id.* at p. 6. Plaintiff subsequently identifies a claim against Sheriff Allison in a separate Count of the Complaint where he clearly specifies the claim is being made against Allison. *See, Count Four, Id.* at p. 10. This leads

to the impression that Count I, which does NOT specifically identify Allison, may not even be directed at him. Obviously, Sheriff Allison should not have to guess and the heightened pleading standard prohibits such vague pleadings.

Regardless, to the extent Plaintiff is alleging an excessive force claim against the Sheriff, it fails. The inquiry into whether a claimant has suffered a Fourth Amendment excessive force violation requires a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *Graham*, 490 U.S. at 396. Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case." *Id*.

The reasonableness of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*; *see also, Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011)(quoting *Graham*, 490 U.S. at 396). To establish an excessive force claim, Plaintiff must demonstrate "(1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir.2009); *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir.2009).

In assessing the reasonableness of a use of force, courts must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

7

arrest by flight." *Graham*, 490 U.S. at 396 (1989). This is an objective standard. "[T]he question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham*, 490 U.S. at 397. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396-97. "An officer's use of deadly force is presumptively reasonable when the officer has reason to believe that the suspect poses a threat of serious harm to the officer or to others." *Ontiveros*, 564 F.3d at 382.

Here, Plaintiff's pleading problems are fundamental.  That is, Plaintiff asserts a claim for excessive force against Sheriff Allison but wholly fails to provide factual allegations as to how and to what degree Sheriff Allison participated in **ANY** use of force against him. Plaintiff's Complaint merely asserts that Sheriff Allison was on scene and "participat[ed] in the events referenced throughout [the] Complaint." *Compl.* ¶ 16. This allegation is the epitome of a conclusory allegation. *Collins v. Garcia*, No. 1-19-CV-1097-LY, 2020 WL 2733953, at *9 (W.D. Tex. May 26, 2020)(considering motions to dismiss section 1983 claims against public officials, courts must not accept conclusory allegations or unwarranted deductions of fact as true because the Fifth Circuit's heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation.").

Plaintiff has not alleged facts which show Sheriff Allison was present when force was used, participated in that force, or the like. Plaintiff's claim for excessive force against Sheriff Allison fails to meet the heightened pleading standard and should be dismissed or, alternatively, a *Schultea* Reply required.

## II.     FOURTH AMENDMENT: ILLEGAL SEARCH AND SEIZURE

Count II of Plaintiff's Complaint asserts a claim for illegal search and seizure. However, again, it appears Plaintiff may not be asserting the claim against Sheriff Allison as he is not specifically identified in that Count. Nevertheless, to the extent the Plaintiff is asserting a claim against Sheriff Allison for illegal search, it fails.

In Count II, Plaintiff contends that "Officers' warrantless search of his residence is presumptively unreasonable."*Compl.* ¶ 29. Plaintiff argues that the "initial entry into and search of Plaintiff's residence was conducted without a valid search or arrest warrant, and without any probable or justifiable cause." *Id*. Plaintiff notes that he did not consent to the initial entry into and search of his residence and that there were no exigent circumstances justifying the initial entry into his residence or search of the same. Here, Plaintiff also alleges that he suffered a "seizure of…person and effects, including a substantial amount of United States currency located in…[a] bedroom safe which has never been returned." *Id*.

While Plaintiff includes conclusory statements like "without any probable or justifiable cause," Plaintiff fails to provide substantive factual allegations as to if, how, and/or to what degree Sheriff Allison participated in any search, much less any sufficient facts for the Court to determine whether or not the Sheriff acted in an

9

objectively unreasonable manner. The Court should dismiss this claim, require a *Schultea* Reply or, if the Court deems necessary, limit discovery to immunity-related issues on this claim.

## III.     FOURTH AMENDMENT : ILLEGAL SEIZURE

Like the prior two (2) claims, it is unclear whether this claim is asserted against Sheriff Allison. The heightened pleading standard prohibits such vague allegations and Plaintiff has failed to negate Sheriff Allison's qualified immunity defense. The claim should be dismissed.

To the extent Plaintiff is, in fact, asserting an illegal seizure claim against Sheriff Allison, it fails. Plaintiff contends that his person was unlawfully and intentionally seized and arrested by the Defendant Officers in his home, without an arrest warrant, and without probable cause to reasonably believe that Mr. Peterson had been or was then engaged in criminal conduct. *Id*. ¶ 35.

While the Constitution does not guarantee that only the guilty will be arrested, the Fourth Amendment does prohibit unreasonable seizures. *Baker v. McCollan*, 443 U.S. 137, 145 (1979); *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998). Whether an arrest is legal hinges on the existence of probable cause. *United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000). Probable cause exists when the totality of facts and circumstances within an officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).

Notably, whether "the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis." *Morris*, 277 F.3d at 754. The "inquiry focuses only on what the officer could have reasonably believed at the time based on the relevant law…" *Id*. The officer's knowledge must "establish that there was a 'fair probability' that a crime occurred." *Pardue v. Jackson Cty., Mississippi*, 2016 WL 3024153, at *5 (S.D. Miss. May 25, 2016). A "fair probability" is "more than a bare suspicion, but need not reach the fifty percent mark." *Id*. (citing *United States v. Nunez-Sanchez*, 478 F.3d 663, 667 (5th Cir. 2007).

Here again, Plaintiff fails to provide specific facts as to how Sheriff Allison personally participated in seizing him. Certainly, he has failed to provide sufficient facts surrounding the event for this Court to determine whether Sheriff Allison's actions or inactions were unreasonable under the circumstances. The Court should dismiss this claim, require a *Schultea* Reply or, if the Court deems necessary, limit discovery to immunity-related issues on this claim.

## IV. SUPERVISORY LIABILITY

Finally, Plaintiff asserts a claim for supervisory liability against Sheriff Allison. In particular, Plaintiff's Complaint asserts that:

> 41. At all material times, Defendant Allison implemented unconstitutional policies, failed to train, and failed to supervise the Doe Defendants. The implementation of these unconstitutional policies, failure to train and supervise the Doe Defendants by Defendant Allison, and his personal participation in the unconstitutional acts and omissions by the Defendant Officers directly and proximately caused the violation of Mr. Peterson's Fourth Amendment rights and the resulting injuries and damages sustained by Mr. Peterson.

*Compl.* ¶ 41.

In spite of these sparse, conclusory allegations, the USSC's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), seems to foreclose supervisory liability all together. *Brown v. Davis*, No. 6:19CV332, 2019 WL 7881607, at *4 (E.D. Tex. Nov. 26, 2019). The Fifth Circuit has not yet ruled post *Iqbal*, however, that case appears to foreclose the doctrine by stating that "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Jackson v. Chavez*, No. A-11-CA-417-LY, 2013 WL 3328683, at *10 (W.D. Tex. June 26, 2013), citing, *Iqbal*, 129 S.Ct. at 1948–49.

To the extent that the doctrine of supervisory liability remains viable, Plaintiff's Complaint still fails to meet the heightened pleading standard. Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). "To establish Section 1983 liability against Sheriff Allison, Plaintiff must show that: (1) Sheriff Allison failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and

(3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

Significantly, the misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor, and the deliberate indifference standard is a "stringent" one, requiring that "the supervisory actor disregarded a known consequence of his action." *Brown v. Wilkinson Cty. Sheriff's Dep't*, 2017 WL 1479428, at *6–7 (S.D. Miss. Apr. 24, 2017); *citing*, *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169-70 (5th Cir. 2010).

To establish deliberate indifference, a plaintiff usually must demonstrate a "pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.*; *citing*, *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). "Furthermore, for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform," and the "plaintiff must allege with specificity how a particular training program is defective." *Id.*

Notably, here, Plaintiff's claim for supervisory liability appears to include a claim for failure to intervene/bystander liability. *Compl.* ¶¶ 42-44. To establish a claim on a theory of bystander liability, a plaintiff must establish that the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). When defendants raise a qualified immunity defense to bystander liability claims, "the inquiry is whether, under the law in effect at the time of

13

the arrest, the officers could have reasonably believed that they were not required to intervene." *Timpa v. Dillard*, No. 3:16-CV-3089-N, 2020 WL 3798875, at *11 (N.D. Tex. July 6, 2020).

On this claim, Plaintiff wholly fails to provide any substantive allegations regarding Allison's supervision of employees, that Allison's supervision and/or training was deliberately indifferent, that there was a pattern of violations, or that the Sheriff failed to take any intervening actions. Again, Plaintiff also fails to provide substantive facts regarding the supervision/training such that the Court can make a determination on the second prong of the qualified immunity analysis.

Altogether, Plaintiff has simply not provided substantive allegations as to how and why this event occurred. He has simply alleged that Sheriff Allison was on scene and makes conclusory allegations that he personally participated in unconstitutional acts and omissions, yet fails to provide substantive facts to support the conclusory allegations. It is not clear if Sheriff Allison was present and observed any unconstitutional act, much less whether or not he had a reasonable opportunity to prevent the harm. Furthermore, there are insufficient facts surrounding the incident for this Court to determine whether or not Sheriff Allison acted in an objectively reasonable manner under the circumstances.

"Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *see also, Borden v. Jackson County*, 2012 U.S. Dist. LEXIS 134400 (S.D. Miss. Aug. 24, 2012)(holding that a plaintiff must demonstrate personal participation in alleged unconstitutional conduct). Plaintiff's

14

Complaint, therefore, is insufficient to establish claims against Sheriff Allison and this Court should dismiss Plaintiff's claim or, alternatively, require a *Schultea* Reply.

## CONCLUSION

For the reasons stated hereinabove, as well as in his Motion for Judgment on the Pleadings, Sheriff David Allison would respectfully request that this Court dismiss the above-mentioned federal law claims against him with prejudice or, in the alternative, require Plaintiff to submit a *Schultea Reply* sufficient to meet the heightened pleading standard as addressed above.

**DATE:** **September 14, 2020**

                          Respectfully submitted,

                          **DAVID ALLISON**

                          BY:    */s/ Lance W. Martin*
                                     One of His Attorneys

WILLIAM R. ALLEN (#100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgment on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system, which shall give notice to:

> G. Morgan Holder, Esq.
> Christopher Smith, Esq.
> SMITH & HOLDER, PLLC
> P.O. Box 1149
> Gulfport, MS 39502-1149
> morgan@smithholder.com
> chris@smithholder.com
> *Counsel for Plaintiff*

This, the 14th day of September, 2020.

*/s/ Lance W. Martin*
OF COUNSEL