IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALLACE DWAYNE PETERSON, JR. | § § § | PLAINTIFF |
| v. | § § § | Civil No. 1:20cv216-HSO-JCG |
| PEARL RIVER COUNTY, MISSISSIPPI; DAVID ALLISON, individually; and JOHN AND JANE DOES 1-10, individually | § § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DAVID ALLISON'S MOTION [7] FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

BEFORE THE COURT is Defendant David Allison's Motion [7] for Judgment on the Pleadings Based on Qualified Immunity. After review of the Motion, the record, and relevant legal authority, the Court finds that Defendant's Motion [7] for Judgment on the Pleadings should be granted in part and denied in part, and Plaintiff Wallace Dwayne Peterson, Jr.'s claims against Defendant David Allison in his individual capacity for (1) excessive force (Count One); (2) unlawful search (Counts Two and Three); and (3) supervisory liability under 42 U.S.C. § 1983 (Count Four) will be dismissed with prejudice. Plaintiff's claims against Defendant Allison for bystander liability (Count Four) will proceed at this time.

I. BACKGROUND

A. Procedural History

Plaintiff Wallace Dwayne Peterson, Jr. ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on July 1, 2020. Compl. [1]. His claims arise from a

confrontation with the Pearl River County Sheriff's Department ("PRCSD") which occurred at 7:30 a.m. on August 23, 2019. *Id.* at 1, 3. Plaintiff alleges that Defendant David Allison ("Allison"), the elected Sheriff of Defendant Pearl River County ("the County"), and other officers of PRCSD drove to Plaintiff's home, "kicked in or broke in through the front door of the Peterson residence, . . . violently assaulted [Plaintiff] by striking [him] in the face with their shotguns or similar firearms . . . , slammed [him] to the floor, handcuffed him, and forced him outside" while other officers searched the residence. *Id.* at 3-4. Plaintiff claims that he was "traumatized by being forced to remain outside for approximately three (3) hours – wearing only his underwear" while officers conducted their search, during which they "seized a substantial amount of United States currency located in [Plaintiff's] bedroom safe[.]" *Id.* at 4. Plaintiff "suffered injuries to his face, head, mouth, and wrists" and "was diagnosed and treated for a concussion, head and facial contusions and abrasions, and wrist contusions and abrasions, . . . severe enough to cause permanent nerve damage to his face and mouth." *Id.* at 5. Plaintiff was subsequently arrested but the charges were dismissed. *Id.* at 4.

The Complaint advances six causes of action under 42 U.S.C. § 1983: (1) excessive force (Count One); (2) unreasonable search and seizure (Count Two); (3) unreasonable seizure or "false arrest/imprisonment" (Count Three); (4) supervisory and bystander liability as to Sheriff Allison only (Count Four); (5) a claim against the County pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (Count Five); and (6) a claim against the County for

2

reckless disregard pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. § 11–46–1 et seq. (Count Six).[1] Counts One through Three are asserted against collective "Defendant Officers," whom Plaintiff defines as Sheriff Allison and other unidentified "officers, employees, agents, or servants" of the County. Compl. [1] at 2.

B. Allison's Motion [7] for Judgment on the Pleadings

Sheriff Allison has filed the present Motion [7] for Judgment on the Pleadings and accompanying Memorandum [8] asserting that the Complaint does not meet the heightened pleading standard for § 1983 claims adopted by the United States Court of Appeals for the Fifth Circuit in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985), for the claims asserted against him in his individual capacity. For this reason, he maintains that Plaintiff's claims against him in his individual capacity should be dismissed with prejudice, or the Court should "require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard" applicable in this case. Mot. [7] at 12; Mem. [8] at 6.

Sheriff Allison contends that Counts One, Two, and Three of the Complaint do not specifically identify him and thus cannot survive the present Motion as he "should not have to guess" whether these Counts advance claims against him. Mem. [8] at 7; *see also id.* at 9, 10. To the extent Plaintiff raises any allegations concerning

---

[1] Counts Five and Six are not relevant to the present Motion as they are advanced against the County only. Count Five alleges that the County "established customs, policies, practices, decisions, and procedures amounting to deliberate indifference to . . . the deprivation of [Plaintiff's] constitutional rights and the resulting injuries and damages to [him]." Compl. [1] at 12 (citing *Monell*, 436 U.S. at 658). Count Six alleges that the acts of Defendant Officers are imputed to the County through respondeat superior and constituted "reckless disregard of the health, safety, and well-being of" Plaintiff, entitling him to recovery under the Mississippi Tort Claims Act. *Id.* at 17.

Sheriff Allison in Count One, he contends that Plaintiff "wholly fails to provide factual allegations as to how and to what degree Sheriff Allison participated in any use of force against him," as Plaintiff states only that Sheriff Allison "was on scene and 'participat[ed] in the events referenced throughout [the] Complaint.'" *Id.* at 8 (emphasis omitted) (quoting Compl. [1] at 5).

Sheriff Allison asserts that Count Two of the Complaint fails "to provide substantive factual allegations as to if, how, and/or what degree Sheriff Allison participated in any search, much less any sufficient facts for the Court to determine whether or not [he] acted in an objectively unreasonable manner." *Id.* at 9-10. Similarly, with respect to Count Three, he maintains that "Plaintiff [has failed] to provide specific facts as to how Sheriff Allison personally participated in seizing him." *Id.* at 11.

With respect to the Complaint's allegation of supervisory and bystander liability in Count Four, Sheriff Allison contends that "Plaintiff [has] wholly fail[ed] to provide any substantive allegations regarding Allison's supervision of employees, that Allison's supervision and/or training was deliberately indifferent, that there was a pattern of violations, or that the Sheriff failed to take any intervening actions." *Id.* at 14. Sheriff Allison maintains that "[i]t is not clear [from the Complaint] if [he] was present and observed any unconstitutional act, much less whether or not he had a reasonable opportunity to prevent the harm." *Id.*

Plaintiff clarifies in his Response [12] that he is pursuing five causes of action against Sheriff Allison, Counts One through Five, despite the fact that he refers to

4

"Defendant Officers" in the Complaint and does not specifically mention Sheriff Allison by name in Counts One, Two, or Three. Resp. [12] at 3. With respect to Count One, Plaintiff asserts that each of the Defendant Officers, including Sheriff Allison, "either participated in applying physical force to [him] *or* was present when the force was applied and failed to intervene," rendering Sheriff Allison liable under § 1983 "if excessive force was in fact used." *Id.* at 8 (emphasis added). Plaintiff states that discovery will afford him the opportunity to understand the details of the events that transpired, as he knows only "generally what had taken place and . . . that several officers had been on the scene[.]" *Id.* at 9. Regarding Counts Two and Three, Plaintiff reiterates his assertion that the search of his residence and seizure of his property were presumptively unreasonable because PRCSD did not have a warrant and there were no exigent circumstances justifying the search. *Id.* at 11. Lastly, with respect to Count Four, Plaintiff disputes Sheriff Allison's contention that the allegations contained in Count Four were conclusory and maintains that he has stated a valid claim for relief. *Id.* at 13-14.

In his Reply [13], Sheriff Allison requests that the Court take judicial notice of the search warrant that was signed and executed against Plaintiff, and for the first time produces a copy of the warrant as an exhibit. *See* Reply [13] at 4; Warrant [13-1]. Sheriff Allison contends that the Court must take judicial notice of the warrant because it is incorporated into the Complaint by reference and is integral to Plaintiff's claims, Reply [13] at 4 n.1 (citing *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013 (per curiam)), and that the Court may consider it without

5

converting the present Motion into one for summary judgment, Reply [13] at 4-5 (citing *Warner v. Ledbetter*, No. 3:18cv190-TSL-RHW, 2018 WL 6981180, at *7 n.2 (S.D. Miss. Dec. 10, 2018); *Martin v. Rainbow Casino*, No. 5:11cv142-DCB-RHW, 2012 WL 1883673, at *1 (S.D. Miss May 22, 2012)). According to Sheriff Allison, the existence of the warrant "eliminates Plaintiff's Fourth Amendment claims against" him. *Id.* at 5.

## II. DISCUSSION

A. Federal Rule of Civil Procedure 12(c) and qualified immunity

The Fifth Circuit has held that the applicable standard for resolving a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he court may not look beyond the pleadings in ruling on the motion," *Baker v. Putnal*, 75 F.3d 190, 197 (5th Cir. 1996), and must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). A complaint does not need detailed factual allegations, but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must raise a right to relief above the speculative

level. *See id.* Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

Section 1983 of Title 42 of the United States Code provides for a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's federal constitutional rights. 42 U.S.C. § 1983; *see also Monroe v. Pape*, 365 U.S. 167, 173-74 (1961) (describing the legislative purpose of § 1983); *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994). To prevail on a § 1983 claim, a plaintiff must establish two elements: (1) the existence of a constitutional violation; and (2) that the defendant was acting under color of state law when he committed the constitutional violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). "As a prerequisite, a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). Supervisory officials are not liable under § 1983 for the actions of subordinates on a theory of vicarious liability. *See id.* (quoting *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001)).

Section 1983 claims implicating qualified immunity are subject to the same pleading standard set forth in *Twombly* and *Iqbal* as all other claims. *See Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020). Where a defendant invokes qualified

7

immunity, the complaint is not then subject to a heightened pleading standard. *Id.* (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). In other words, a plaintiff must plead facts relating to qualified immunity "with the minimal specificity" sufficient to satisfy Rule 8 as discussed in *Twombly* and *Iqbal*. *Id.* Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). Thus, "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019). To determine whether a defendant is entitled to qualified immunity, a court first evaluates whether, taking the facts in the light most favorable to the plaintiff, the official's conduct violated a constitutional right. *Haverda v. Hays Cty.*, 723 F.3d 586, 598 (5th Cir. 2013). Next, a court must determine whether the right was clearly established under the constitutional standards applicable at the time of the violation. *Id.*

To survive Sheriff Allison's Motion [7] for Judgment on the Pleadings based on qualified immunity, the Complaint must allege sufficient facts to plausibly state a claim that he violated Plaintiff's constitutional rights that were clearly established at the time of the purported violation. *See Anderson v. Valdez*, 845 F.3d 580, 589-90 (5th Cir. 2016).

B.   Analysis

1.   Plaintiff's Fourth Amendment excessive force claim (Count One)

The Fourth Amendment governs claims of excessive use of force during an arrest. *See Graham v. Conner*, 490 U.S. 386, 394 (1989). A § 1983 excessive force claim requires a plaintiff to demonstrate "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was objectively unreasonable." *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013). The injury suffered as a result of an excessive use of force does not need to be significant and can be purely psychological. *Flores v. City of Palacios*, 381 F.3d 391, 400-01 (5th Cir. 2004). However, the injury must be more than de minimis. *United States v. Diaz*, 498 F. App'x 407, 411 (5th Cir. 2012).

A plaintiff must be able to provide specific facts as to what each defendant did, how they harmed the plaintiff, and how each violated his rights. *See Seaman v. Mayo*, No. 4:05-CV-636-Y, 2006 WL 3438630, at *1 (N.D. Tex. Nov. 14, 2006) (dismissing plaintiff's excessive force claims which alleged only that four defendants used excessive force against him without providing any facts specific to each defendant). A district court is bound by the allegations in a plaintiff's complaint and

is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Here, the Complaint's excessive force allegations are insufficient to sustain Plaintiff's burden of demonstrating that Sheriff Allison is not entitled to qualified immunity. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."). In connection with his excessive force claim, Plaintiff refers only to "Defendant Officers" collectively as the ones who "recklessly and intentionally" struck him and "slamm[ed]" him to the ground, and he never refers to any individual PRCSD officer or to Sheriff Allison by name and does not specify what force Sheriff Allison himself exerted against Plaintiff. At least in Sheriff Allison's case, the pleadings reflect that Plaintiff was aware of his identity and his presence on scene at the time of the incident such that Plaintiff should have witnessed and had within his knowledge any facts regarding Sheriff Allison's personal use of any force. Yet, no such facts appear in the Complaint or even in Plaintiff's Response. Nor has Plaintiff requested leave to amend his pleadings.

Whether or not Plaintiff may need discovery to identify the other officers involved, he clearly does not need discovery to identify Sheriff Allison or plead what use of force Sheriff Allison personally inflicted upon him. Under Rule 8, a complaint cannot attribute "discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant

10

conduct of the named Defendants." *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JMV, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014). The Complaint nowhere alleges that Sheriff Allison was himself personally involved in the exertion of excessive force against Plaintiff, at most claiming that the collective "Defendant Officers" used excessive force. Sheriff Allison's inclusion in a collectively defined term, which also includes Doe Defendants, is not sufficient to state a claim for a Fourth Amendment violation against Sheriff Allison individually or to overcome his qualified immunity. Plaintiff's excessive force claim against Sheriff Allison individually should be dismissed.

2.      Plaintiff's Fourth Amendment unlawful search claims (Count Two)

Under Federal Rule of Evidence 201, "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While a district court determining whether to grant a Rule 12(c) motion looks primarily to the allegations in the complaint, it may consider other sources, including items subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs*, 551 U.S. at 322) ("For example, a district court may [consider] documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the

11

complaint whose authenticity is unquestioned."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents . . . which were matters of public record directly relevant to the issue at hand.").

Consideration of such documents does not require the court to convert a Rule 12(c) motion to one for summary judgment. *See Warner v. Ledbetter*, No. 3:18cv190-TSL-RHW, 2018 WL 6981180, at *1 n.2 (S.D. Miss. Dec. 10, 2018), *report and recommendation adopted* 3:18CV190TSL-RHW, 2019 WL 138642, at *1 (S.D. Miss. Jan. 8, 2019) (citing *Collins v. Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) (considering on a motion to dismiss a bill of indictment attached as an exhibit to a petition for writ of habeas corpus); *see also Martin v. Rainbow Casino*, No. 5:11-cv-142(DCB)(RHW), 2012 WL 1883673, at *1 (S.D. Miss. May 22, 2012) ("When documents of public record reveal that a plaintiff's complaint is not plausible, a court is not required to consider a motion to dismiss as one for summary judgment." (citing *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)).

Courts in this circuit have taken judicial notice of search warrants and arrest warrants when considering motions to dismiss without converting them to ones for summary judgment. *See, e.g., Thompson v. Russell*, No. 2:17-cv-101-KS-MTP, 2018 WL 9786079, at *4 n.9 (S.D. Miss. June 11, 2018) ("As the search warrant is a public record, the Court may consider it in deciding the instant Motion to Dismiss, without converting the Motion into a motion for summary judgment."); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) (taking judicial

12

notice of an arrest warrant attached to defendant's motion to dismiss false arrest § 1983 claims); *Dent v. Methodist Health Sys.*, No. 3:20-CV-00124-S, 2021 WL 75768, at *2 (N.D. Tex. Jan. 8, 2021) (taking judicial notice of an arrest warrant because it was a public record and it was central to plaintiff's claims).

Sheriff Allison urges the Court to take judicial notice of the search warrant he has produced as an exhibit. Plaintiff has alleged that the search of his residence, the seizure of his property, and his arrest were conducted without a warrant, entitling him to relief under § 1983. *See* Compl. [1] at 6-9. As such, the Court finds that the warrant is a public record and is integral to Plaintiff's claims and that, under the foregoing precedent, it is appropriate to take judicial notice of the warrant [13-1] and consider it in determining whether to dismiss Plaintiff's Fourth Amendment unlawful search claims against Allison. *See, e.g.*, *Tellabs, Inc.*, 551 U.S. at 322; *Meyers*, 540 F. App'x at 409; *Funk*, 631 F.3d at 783.

Plaintiff has not carried his burden of overcoming Sheriff Allison's qualified immunity with respect to a Fourth Amendment claim against him for an unreasonable search. *See McClendon*, 305 F.3d at 323. The warrant [13-1] authorized the search of Plaintiff's residence, noted the location and address of Plaintiff's residence, identified Plaintiff as the owner of the residence, described the items to be seized if found, and was signed by a Justice Court judge. The warrant was dated August 19, 2019, and found that probable cause existed to search Plaintiff's residence for the items specified. Warrant [13-1] at 1.

13

An officer who executes a search warrant in a reasonable, good-faith manner is not liable under § 1983 even if the judge or magistrate who issued the warrant did so in error. *See Kugle v. Shields*, 62 F.3d 395 (5th Cir.1995) ("An officer executing a warrant is entitled to dismissal of claims brought against him if the warrant is regular on its face and the officer does not act in bad faith or with notice of an infirmity of the warrant." (internal quotation marks omitted)); *see also Rogers v. Wever*, No. 5:09-cv-29(DCB)(JMR), 2010 WL 3522783, at *6 (N.D. Miss. Sept. 2, 2010) (citing *Roderick v. City of Gulfport, Miss.*, 144 F. Supp. 2d 622, 628 (S.D. Miss. 2000)); *Scott v. Dollahite*, 54 F.R.D. 430, 433 (N.D. Miss. 1972) (citations omitted). There is no indication that the warrant was in any way deficient, was issued in error, or lacked probable cause. Further, Plaintiff's claim for unreasonable search is premised upon his allegation that the search was conducted without a search warrant. Plaintiff has not raised any claim against Sheriff Allison personally that the manner in which the search was conducted was unreasonable. Accordingly, Sheriff Allison is entitled to the benefit of qualified immunity as to any Fourth Amendment claims for an unreasonable search of his residence and seizure of any property identified in the warrant. Plaintiff's claims for unlawful search should therefore be dismissed as against Sheriff Allison in his individual capacity. To the extent the Complaint could be construed to allege seizure of any items beyond the scope of the warrant, again Plaintiff has not pleaded any facts specific to Sheriff Allison regarding such a claim.

3. <u>Plaintiff's Fourth Amendment unlawful seizure claims (Count Three)</u>

Plaintiff alleges that Defendant Officers "unlawfully and intentionally seized and arrested" him inside his home "without an arrest warrant and without probable cause." Compl. [1] at 9. Similar to Plaintiff's claims against Sheriff Allison in Counts One and Two, the Complaint's unlawful seizure allegations as to Sheriff Allison are vague, non-specific, and insufficient to sustain Plaintiff's burden of demonstrating that Sheriff Allison is not entitled to qualified immunity. *See McClendon*, 305 F.3d at 323. Plaintiff has not alleged which individual officer or officers seized and arrested him, nor has he specified whether Sheriff Allison was personally involved in his seizure or arrest. Rather, the Complaint refers only to the collective Defendant Officers' actions in arresting Plaintiff. This is insufficient factual information to allege a plausible Fourth Amendment unlawful seizure claim against Sheriff Allison in his individual capacity. *See Sahlein*, 2014 WL 3046477, at *4. Plaintiff's claims against Sheriff Allison in Count Three should be dismissed.

4. <u>Supervisory liability under 42 U.S.C. § 1983 (Count Four)</u>

"In a § 1983 claim for failure to supervise or train, the plaintiff must show that: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that

15

the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). In order "for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Roberts*, 397 F.3d at 293 (5th Cir. 2005). Moreover, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

The Complaint does not identify any instances of violations prior to the events of August 23, 2019, that would plausibly constitute a pattern of constitutional violations to show that Sheriff Allison's actions in supervising and training Defendant Officers rose to the level of deliberate indifference. Compl. [1]. Rather, Plaintiff makes the conclusory assertion that Sheriff Allison "implemented unconstitutional policies, failed to train, and failed to supervise the Doe Defendants." *Id.* at 11. Plaintiff has not alleged which training programs he claims were inadequate or defective, or how any particular training program or failure to supervise was causally linked to the violations of Plaintiff's constitutional rights. While the Complaint does list twelve "written and/or unwritten customs, policies, practices, and procedures" with respect to Plaintiff's claims against the County in Count Five, Compl. [1] at 12-15, it does not reference any such customs, policies, practices, or procedures with respect to Sheriff Allison's personal supervision or training of the Defendant Officers. In short, while the Complaint may sufficiently state a claim for the County's liability under *Monell*, it does not allege any facts

16

sufficient to support a claim for supervisory liability against Sheriff Allison in his individual capacity. Plaintiff's claims should be dismissed to this extent.

5. <u>Bystander liability under 42 U.S.C. § 1983 (Count Four)</u>

Plaintiff has not separately entitled any of his causes of action "bystander liability," but multiple allegations raised under the claim for supervisory liability in Count Four plausibly assert that Sheriff Allison failed to intervene and failed to prevent the use of excessive force against Plaintiff, the conducting of an unreasonable search of Plaintiff's home, and the unlawful seizure of Plaintiff's person and effects by Defendant Officers. *See* Compl. [1] at 11, ¶¶42-44. The Fifth Circuit has held that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)). An officer may be liable under § 1983 on a theory of bystander liability where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* (quotation omitted).

The Complaint alleges that Sheriff Allison was physically present at the scene, Compl. [1] at 5, and that he failed to intervene or prevent the use of excessive force, the unreasonable search, and unlawful seizure of Plaintiff's person and effects by other Defendant Officers, *id.* at 11. Assuming that the factual allegations regarding the force used against Plaintiff by other officers are true, as the Court

17

must at this stage, Plaintiff has sufficiently alleged a § 1983 claim for bystander liability against Sheriff Allison in his individual capacity to survive a Rule 12(c) motion.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant David Allison's Motion [7] for Judgment on the Pleadings Based on Qualified Immunity is **GRANTED IN PART** with respect to Plaintiff's claims in Counts, One, Two, and Three, and Plaintiff's supervisory liability claims under Count Four, and these claims are **DISMISSED WITH PREJUDICE.**

**IT IS, FURTHER, ORDER AND ADJUDGED** that, Defendant David Allison's Motion [7] for Judgment on the Pleadings Based on Qualified Immunity is **DENIED IN PART** with respect to Plaintiff's claim under Count Four for bystander liability under 42 U.S.C. § 1983, and this claim will proceed.

**SO ORDERED AND ADJUDGED**, this the 22nd day of February, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

18