IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WALLACE DWAYNE PETERSON, JR.**                                        **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 1:20-cv-216-HSO-BWR**

**PEARL RIVER COUNTY, MISSISSIPPI; and**
**SHANE EDGAR, Individually**                                 **DEFENDANTS**

SHANE EDGAR'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

Comes now, Shane Edgar ("Captain Edgar"), by and through counsel, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully files his Memorandum of Authorities in Support of Motion for Summary Judgment based on Qualified Immunity, as follows:

## INTRODUCTION

Plaintiff alleges that on August 23, 2019, Captain Shane Edgar of the Pearl River County Sheriff's Department used excessive force during Plaintiff's arrest, which Plaintiff further alleges was unreasonable due to the lack of probable cause. *First Am. Compl.* [44] at 3 (¶¶ 10, 12), 5-7 (¶¶ 18-28). Qualified immunity shields Captain Edgar from these claims, and Plaintiff's pleading does not defeat or otherwise negate the same.

## RELEVANT PROCEDURAL BACKGROUND

This matter is presently before the Court by virtue of Plaintiff's First Amended Complaint [44], which he filed on October 7, 2022. Plaintiff filed his First Amended Complaint to substitute Captain Edgar for Defendant John Doe 1. *Pl.'s Mem.* [40] at 6.

Plaintiff filed his Motion for Leave to File First Amended Complaint [39] on August 10, 2022, approximately eight (8) days after this Court fully and finally dismissed Plaintiff's claims against Sheriff David Allison. Notably, the Court's Order [38] noted that Plaintiff's claims against Defendants Pearl River County, Mississippi, and John and Jane Does 1-10 will proceed." *Order* [38] at 11. Notably, Captain Edgar is the only Doe Defendant against whom Plaintiff extends his claims.

Significantly, qualified immunity discovery has already taken place in this matter.[1] In fact, Plaintiff's claims against Captain Edgar are responsive to qualified immunity depositions taken in this matter on October 22, 2021, and November 8, 2021, which Plaintiff used to identify Captain Edgar as the first officer to come into contact with Plaintiff. *First Am. Compl.* [3] (¶ 12). Those depositions, however—which Plaintiff neither cites to in his First Amended Complaint, nor uses to actually amend his previously-filed allegations—refute Plaintiff's claims.

## RELEVANT BACKGROUND FACTS

"On August 23, 2019, officers with the Pearl River County Sheriff's Department ("PRCSD") executed a search warrant at [Plaintiff's] residence." *Order* [38] at 1. Captain Edgar was, in fact, the first officer that entered Plaintiff's residence to effectuate the warrant. *S. Edgar Dep.* [35-1] at 15:7-9; 17:15-16. Captain Edgar was also the officer who,

---

[1] The Court entered a Memorandum Opinion and Order [14] on February 22, 2021, lifted the qualified immunity stay of proceedings by Text-Only Order on February 23, 2021, and entered a Text-Only Scheduling Order on March 24, 2021, setting various qualified immunity discovery deadlines. Thereafter, parties received two (2) qualified immunity discovery deadline extensions, with a final due date of November 7, 2021, set by a September 20, 2021, Text-Only Order.

in Officer Edgar's words, "grabbed [Plaintiff's] other arm[2] and pulled him off the couch to take him to the ground so that he, one, couldn't utilize a weapon; two, so that he would be—I could get him in handcuffs." *Id*. at 23:2-8. Plaintiff's Fourth Amendment claims against Captain Edgar emanate from this interaction.

Plaintiff's First Amended Complaint—just like his pre-deposition original Complaint—alleges Captain Edgar "violently assaulted [Plaintiff] by throwing him face first onto the floor and striking him in the face with his shotgun or similar firearm issued to [Captain] Edgar by the PRCSD." *First Am. Compl*. [44] at 3 (¶ 12). Plaintiff's deposition testimony, however, belies his allegations.

During the interaction between Plaintiff and Captain Edgar, Plaintiff was facedown on the ground, restrained, with his head turned to the left. *W. Peterson Dep*. [35-4] at 17:1-19:16. It was at this moment in time Plaintiff alleges Captain Edgar struck Plaintiff with the butt of a firearm, though Plaintiff's exact recollection of the moment is less-than-clear.

> Q:     How did he hit you?
>
> A:     With the gun. I don't know. He threw me on the ground, and he was on my back and hit me in the face with, like, the butt of his gun. *Id*. at 17:4-7.
>
>                                 . . .
>
> Q:     To the left. Okay. And did the hit come in from behind you or in front of you? Does that make sense? Like, if you're laying on the ground, did it come in from behind or kind of in front?

---

[2] Captain Edgar's testimony is that Plaintiff "grabbed [a] wine bottle with his right hand, he picked it up, spun it around as if to be used as a weapon." *S. Edgar Dep*. [35-1] at 20:17-19.

A:     Behind. *Id.* at 18:4-9.

. . .

Q:     Okay. And was that the only hit you suffered?

A:     I guess. It kind of dazed me for a minute. *Id.* at 19:2-5.

. . .

Q:     Again, whenever you were hit, you were down on the ground, correct?

A:     Uh-huh. Yes. I'm sorry.

Q:     You established earlier that you couldn't clearly see?

A:     Yes.

Q:     You had never been hit in the face with the butt of a firearm before?

A:     No.

Q:     So you really have nothing to compare what happened to you on this day to, correct?

A:     No. *Id.* at 45:3-11.

Regardless of the specifics, Captain Edgar placed Plaintiff in handcuffs, and another PRCSD officer transferred Plaintiff outside. *Id.* at 24:2-24.

The relevant facts above demonstrate Plaintiff's First Amended Complaint not only fails to state a claim upon which relief may be granted, but also fails to demonstrate the inapplicability of Captain Edgar's qualified immunity.

4

## STANDARD OF REVIEW

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery and upon motion**, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id*. at 322-23.

"Thus, Rule 56(c) . . . **requires** that the Court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *Grudzinskas*, 345 F. Supp. 2d at 642 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). To be sure, "Summary Judgment is **mandatory** 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Enniss Fam. Realty I, LLC v. Schneider Nat. Carriers, Inc.*, 916 F. Supp. 2d 702, 707 (S.D. Miss. 2013) (quoting *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011)) (emphasis added; quotations omitted).

Significantly, "[i]n response to a motion for summary judgment, the non-moving party **must provide** <u>specific</u> **proof** demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted." *Illinois Cent. R. Co. v. Cryogenic Transp., Inc.*, 901 F. Supp. 2d 790, 794 (S.D. Miss. 2012) (citing *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir. 1988)) (emphasis added). The nonmoving party,

however, "may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed. App'x 666, 667 (5th Cir. 2012).

Furthermore, "[w]hen confronted with a proper motion for summary judgment, the nonmoving party cannot rest on his pleadings," but instead "must rebut [the motion] with 'significant probative evidence' that demonstrates the existence of a genuine issue of material fact." *Coleman v. McDonald*, No. 2:14-cv-136-MTP, 2015 WL 3936595, at *2 (S.D. Miss. June 26, 2015) (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)). "[T]he opposing party[, therefore,] must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Grudzinskas*, 345 F. Supp. 2d at 642 (citing *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986)).

"In the absence of proof, the Court does not 'assume that the nonmoving party could or would prove the necessary facts.'" *Coleman v. Strickland*, No. 2:17-cv-133-KS-MTP, 2018 WL 5303341, at *1 (S.D. Miss. Aug. 9, 2018), *report and recommendation adopted*, No. 2:17-cv-133-KS-MTP, 2018 WL 5305541 (S.D. Miss. Oct. 25, 2018) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). This is especially true and relevant in the qualified immunity context, which is at issue here.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "The purpose of qualified immunity is to protect public officials from the 'burden of fighting lawsuits which arise from the good faith performance of their duties.'" *Patterson*

6

*v. City of McComb, Mississippi*, No. 5:18-cv-74-DCB-MTP, 2018 WL 4956123, at *3 (S.D. Miss. Oct. 12, 2018) (quoting *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997)). Qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Once a "defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal **before the commencement of discovery**." *Mitchell*, 472 U.S. at 526 (emphasis added). A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

"To evaluate whether a government official is entitled to qualified immunity, [courts] conduct a two-prong inquiry . . . (1) whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of clearly established law." *Harmon v. Dallas Cty., Texas*, 927 F.3d 884, 892 (5th Cir. 2019), *as revised* (July 9, 2019) (quoting *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015)). Significantly, courts may address either step first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Regardless of which step courts address, they must do so "'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, No. 21-10171, 2022 WL 17335977, at *2 (5th Cir. Nov. 30, 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)). This is a "full stop." *Id.* at *4.

Should Plaintiff's First Amended Complaint fail to meet any of the standards cited above, the Court must dismiss Plaintiffs' claims based upon his failure to meet his necessary burden to negate, overcome, and remove Captain Edgar's qualified immunity. Here, the Court need not allow Plaintiff a second opportunity to depose Captain Edgar before ruling on the instant motion inasmuch as Plaintiff has already once deposed Captain Edgar. *See, e.g., id.* at *5.

## LEGAL ARGUMENT

To overcome qualified immunity, a plaintiff, in part, must show that a defendant's "actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Here,

> the [rights Captain Edgar] is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right[s] must be sufficiently clear that a reasonable official would understand that what he is doing violates [those rights]. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "'The dispositive question[, therefore,] is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general

proposition.'" *Hamilton v. McLemore*, No. 2:19-cv-47-KS-MTP, 2021 WL 3719559, at *9 (S.D. Miss. Mar. 31, 2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)).

To demonstrate which rights are clearly established, the Fifth Circuit requires plaintiffs to

> identify a case — usually, a body of relevant case law — in which an officer acting under similar circumstances . . . was held to have violated the [Constitution]. While there need not be a case directly on point, the unlawfulness of the challenged conduct must be beyond debate. This leaves the rare possibility that, in an obvious case, analogous case law is not needed because the unlawfulness of the [challenged] conduct is sufficiently clear even though existing precedent does not address similar circumstances.

*Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (citations omitted). If there is not a clearly established case or body of relevant law that gives an officer fair notice that the conduct in question was unlawful, then qualified immunity shields that officer from suit. *See Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004).

An officer has fair notice when "the legal principle[s] clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *D.C. v. Wesby*, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

"Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of

the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). The Supreme Court of the United States has "repeatedly stressed that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 138 S. Ct. at 590 (citations omitted).

Instead, the "precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* While "clearly established" analyses leave open the possibilities for "obvious cases," the Southern District of Mississippi and the Fifth Circuit have stated that obvious cases requiring no analogous case law are **rare**. *Burroughs v. City of Laurel, Mississippi*, No. 2:19-cv-48-TBM-MTP, 2021 WL 1723092, at *5 (S.D. Miss. Apr. 30, 2021) (citing *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d at 330) (emphasis added).

To be sure, "[w]hen deciding whether the right allegedly violated was 'clearly established,' the court asks whether the law so clearly and unambiguously prohibited the conduct that every reasonable official would understand that what he is doing violates the law." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).

> Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar. When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity.

*Id.* (quoting, in part, *Morgan*, 659 F.3d at 371-72). If Plaintiff cannot demonstrate that Captain Edgar's alleged actions violated Plaintiff's clearly established rights, then the Court must, as a matter of law, dismiss Plaintiff's claims that fail to overcome Captain Edgar's qualified immunity.

## I.     PLAINTIFF'S ARREST DID NOT VIOLATE PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEIZURE

This Court must dismiss Plaintiff's Unreasonable Seizure claim against Captain Edgar as probable cause, or at the very least arguable probable cause[3], existed for Plaintiff's arrest.

Significantly, "[p]robable cause exists 'when the totality of facts and circumstances **within a police officer's knowledge at the moment of arrest** are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Hayes v. Jones Cnty., Mississippi*, No. 2:20-cv-118-TBM-MTP, 2022 WL 4809377, at *5 (S.D. Miss. Sept. 30, 2022) (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). Notably, "[p]robable cause . . . is not a high bar: It requires only the 'kind of "fair probability" on which 'reasonable and prudent [people,] not legal technicians, act.'" *Kaley v. United States*, 571 U.S. 320, 338 (2014) (quoting *Florida v. Harris*, 568 U.S. 237, 244 (2013)).

Captain Edgar "is entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [Captain Edgar] was aware, there was a fair probability that [Plaintiff] had

---

[3] "[I]f an officer has arguable probable cause to arrest, he is entitled to qualified immunity." *Gliatta v. Jones*, 96 F. App'x 249, 252 (5th Cir. 2004).

committed or was committing an offense." *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 656 (5th Cir. 2004). At the moment of Plaintiff's interaction with Captain Edgar, Captain Edgar's perspective was that Plaintiff was being disorderly, denied commands, and reached for a weapon.[4] *S. Edgar Dep.* [35-1] at 27:2-28:8. Specifically, Captain Edgar testified that "when you grab a weapon whenever you're being told not to, then I'm going to place you in custody." *Id.* at 28:6-8.

It is entirely reasonable for a law enforcement officer to take protective measures, both for the immediate officer's safety and any other officers that may be present, when that officer believes a suspect is "attempting to use or reach for a weapon." *Valderas v. City of Lubbock*, 937 F.3d 384, 390 (5th Cir. 2019). In the Fifth Circuit, those measures may include the use of deadly force as the Fifth Circuit "has repeatedly held that an officer's use of deadly force is reasonable when an officer reasonably believes that a suspect was attempting to use or reach for a weapon." *Id.* Here, Captain Edgar, of course, did not use deadly force on Plaintiff, but the parallel is clear: facing a perceived threat to officer safety, his or otherwise, Captain Edgar acted reasonably in subduing and handcuffing Plaintiff.

The Fifth Circuit's use of deadly force rationale actually demonstrates Captain Edgar "reasonably could have believed that [his] conduct was not barred by law, and immunity is not denied unless existing precedent places the constitutional question *beyond debate*." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (emphasis by

---

[4] At a minimum, Captain Edgar had in-the-moment probable cause to arrest Plaintiff for violations of Miss. Code Ann. §§ 97-35-7 (Disorderly Conduct) and 97-3-7 (Assault on Law Enforcement Officer).

5th Cir.). As to reasonableness, an "officer cannot be held liable unless **every reasonable officer** would understand that what he is doing **violates the law**." *Jamison v. McClendon*, 476 F. Supp. 3d 386, 404 (S.D. Miss. 2020) (emphasis added). Here, Fifth Circuit precedent is not such that every reasonable officer would understand that Captain Edgar lacked probable cause to arrest Plaintiff. Consequentially, Captain Edgar retains qualified immunity on this claim.

Importantly, "it doesn't matter if [Plaintiff] was ever charged or convicted of the crime for which the officer arrests him." *Parker v. Mississippi Dep't of Wildlife, Fisheries, & Parks*, No. 2:19-cv-120-KS-MTP, 2021 WL 1341862, at *9 (S.D. Miss. Apr. 9, 2021), *appeal dismissed*, No. 21-60398, 2021 WL 5107483 (5th Cir. May 24, 2021). Instead, "the Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, whatever the subjective intent" of the arresting officer. *Whren v. United States*, 517 U.S. 806, 814 (1996).

To be sure, "[w]hether the crime actually occurred or whether a suspect is eventually convicted is irrelevant to the probable cause analysis. The inquiry focuses only on what [Captain Edgar] could have reasonably believed at the time based on the relevant law, as well as the facts supplied to him by the eyewitness." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 754 (5th Cir. 2001). Importantly, "'[e]ven law enforcement officials who reasonably **but mistakenly** conclude that probable cause is present are entitled to immunity.'" *Reed v. Muncipality of Taylorsville, Mississippi*, No. 3:17-cv-710-TSL-LRA, 2020 WL 3213419, at *13 (S.D. Miss. June 15, 2020) (quoting *Westfall v. Luna*, 903 F.3d 534, 542-43 (5th Cir. 2018)) (emphasis added).

Here, again, the relevant dispositive inquiry turns on whether or not a "reasonable officer in [Captain Edgar's] position could have believed that, in light of the totality of the facts and circumstances of which [Captain Edgar] was aware, there was a **fair probability** that [Plaintiff] had committed or was committing an offense." *Haggerty*, 391 F.3d at 656 (emphasis added). Notably, "fair probability is something more than a bare suspicion, but need not reach the fifty percent mark." *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999). Going a step further, as *Babb v. Dorman* pointed out in a parenthetical, "the issue is not probable cause in fact but **arguable probable cause**." 33 F.3d 472, 477 (5th Cir. 1994) (quoting *Gorra v. Hanson*, 880 F.2d 95, 97 (8th Cir. 1989)) (emphasis added; quotations omitted).

Captain Edgar, upon perceiving Plaintiff "holding [a wine bottle] in an aggressive manner as if he was going to use it as a weapon . . ." acted reasonably when he arrested Plaintiff for the same. *S. Edgar Dep*. [35-1] at 52:13-15. Captain Edgar's actions, therefore, were reasonable under the circumstances as his actions were supported by probable cause. As such, there is no Fourth Amendment violation as "a warrantless arrest supported by probable cause is constitutionally permissible." *Jones v. Lowndes Cnty*., Miss., 678 F.3d 344, 348 (5th Cir. 2012) (citing *Gerstein v. Pugh*, 420 U.S. 103, 113 (1975)).

Even were this Court to find that Captain Edgar violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure, Captain Edgar is nevertheless entitled to qualified immunity as Plaintiff cannot demonstrate that Captain Edgar's conduct violated "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th

14

Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). Captain Edgar, therefore, retains qualified immunity as to this claim.

## II. CAPTAIN EDGAR DID NOT USE EXCESSIVE FORCE IN EFFECTUATING PLAINTIFF'S ARREST

This Court must dismiss Plaintiff's excessive force claim against Captain Edgar as (a) Plaintiff's allegations fail to demonstrate that Captain Edgar used excessive force during Plaintiff's arrest, and (b) Plaintiff's allegations fail to defeat Captain Edgar's qualified immunity.

"The Fourth Amendment guarantees the right of citizens to be secure from 'unreasonable' seizures, including seizures through excessive force." *Aultman v. Forrest Cnty., Mississippi*, No. 220-cv-00179-TBM-MTP, 2021 WL 7907332, at *7 (S.D. Miss. Dec. 14, 2021) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)). "This right has been incorporated against the states through the Fourteenth Amendment." *Id.* (citing *Brothers v. Zoss*, 837 F.3d 513, 518 (5th Cir. 2016)). "To demonstrate excessive force during an arrest, [Plaintiff] must prove that he 'suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Id.* (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). Plaintiff cannot sustain this burden.

"'[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat to effect it.'" *Banks v. City of Petal, Mississippi*, No. 2:20-cv-29-KS-MTP, 2021 WL 2660092, at *2 (S.D. Miss. Apr. 13, 2021), *report and recommendation adopted*, No. 2:20-cv-29-KS-MTP, 2021 WL 2660086 (S.D. Miss. June 28,

2021) (quoting *Graham*, 490 U.S. at 396). "The reasonableness of the force used is determined by considering 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id*. (quoting *Graham*, 490 U.S. at 396). Significantly, "[t]he force used '**must** be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.'" *Id*. (quoting *Graham*, 490 U.S. at 396).

As demonstrated above, Captain Edgar's perspective is that Plaintiff reached for, and grabbed, a wine bottle, and held it in "an aggressive manner as if he was going to use it as a weapon . . . ." *S. Edgar Dep*. [35-1] at 52:13-15. It was at that point in time that Captain Edgar used the force necessary under the circumstances to subdue Plaintiff. Again, Captain Edgar testified that he "grabbed [Plaintiff's] other arm and pulled him off the couch to take him to the ground so that he, one, couldn't utilize a weapon; two, so that he would be—[he] could get him in handcuffs." *Id*. at 23:2-8.

While Plaintiff asserts Captain Edgar hit him once with his firearm, Captain Edgar denies the same. When asked under oath whether or not Captain Edgar hit Plaintiff with his firearm, Captain Edgar responded: "I did not." *Id*. at 56:3-5. These competing testimonies create a he-said/he-said situation, but the same is not sufficient in and of itself to allow this claim to survive summary judgment as Plaintiff lacks specific proof other than self-serving testimony to demonstrate Captain Edgar hit Plaintiff with a firearm.

16

Plaintiff's allegations revolve around two (2) uses of force: (1) Captain Edgar's taking Plaintiff to the ground to effectuate his arrest; and (2) Plaintiff's allegation that Captain Edgar used a firearm to hit Plaintiff in the back of the head or face. As demonstrated above, the first use of force was not excessive to the need, nor was it objectively unreasonable. This becomes problematic for Plaintiff as, even if he could demonstrate that Captain Edgar hit Plaintiff in the back of his head/face with a firearm, Plaintiff cannot show that the alleged injuries he suffered resulted **directly and only** from that alleged use of force. On this point, the Court must consider Plaintiff's injury allegations.

> [Plaintiff] presented to and received treatment for his injuries at Pearl River County Hospital in Poplarville, Mississippi, where he was diagnosed and treated for a concussion, head and facial contusions and abrasions, and wrist contusions and abrasions, said injuries being severe enough to cause permanent nerve damage to his face and mouth.

*First Am. Compl.* [44] at 4-5 (¶ 17).

Several things are noteworthy here. Logically, the only injuries that could be connected to an alleged gun strike to the back of Plaintiff's head/left side of Plaintiff's face would be those centralized to those locations. Most of Plaintiff's alleged injuries, however, read as if they are connected to Captain Edgar's takedown where Plaintiff was, at one point in time, facedown on the ground before turning his head to the left. *W. Peterson Dep.* [35-4] at 17:24-18:9. In this regard, Plaintiff cannot delineate that his alleged injuries resulted directly and only from Captain Edgar's alleged used of a firearm to strike Plaintiff in the back of the head/left side of Plaintiff's face. Visually, photographic

evidence taken on the morning of Plaintiff's arrest shows minimal injuries to the right, not left, side of Plaintiff's face, which further belies Plaintiff's allegations.



Plaintiff's excessive force claim therefore, necessarily fails.

As to Plaintiff's alleged injuries, he also lacks competent, expert medical testimony to demonstrate medical causation related to his claims. *See, e.g., Graham v. Hodge*, 69 F. Supp. 3d 618, 629–30 (S.D. Miss. 2014), *aff'd*, 619 F. App'x 394 (5th Cir. 2015) (quoting *Stuart v. Wexford Health Sources, Inc.*, No. 3:09-cv-54, 2012 WL 4101911, at *2 (S.D. Miss. Sept. 17, 2012) ("'[E]xpert testimony establishing medical causation is necessary in all but simple and routine cases.'")). Without this vital information, Plaintiff's excessive force claim fails.

Plaintiff was arrested on August 23, 2019. He filed his Complaint [1] on July 1, 2020, and served his initial disclosures [16] on March 19, 2021. At the time of Plaintiff's initial disclosures, which were served one (1) year, six (6) months, and twenty-four (24) days after Plaintiff's arrest, the only medical personnel listed were general employees of the Pearl River County Hospital. This infers that Plaintiff had not visited any expert medical professionals beyond the initial treating staff at Pearl River County Hospital on the date of his arrest.

While Plaintiff's initial disclosures stated that "[a]t this time, Plaintiff is not prepared to disclose the identity of retained expert witnesses it may use at trial to present evidence nor is Plaintiff prepared to exchange expert reports," the same does not appear to comport with Rule 26 of the Federal Rules of Civil Procedure, particularly with respect to identifying medical professionals likely to have discoverable information regarding Plaintiff's alleged injuries.

In sum, Plaintiff's First Amended Complaint fails to state an actionable claim of excessive force against Captain Edgar upon which relief may be granted. Importantly, the vagueness of Plaintiff's assertion that Captain Edgar used his firearm to strike Plaintiff in the back of the head/face, Plaintiff cannot defeat Captain Edgar's qualified immunity.

"Simply put, [Plaintiff] cannot claim excessive force when there is no (non-speculative) evidence that the force even occurred." *Aultman*, 2021 WL 7907332, at *7. Plaintiff's gun-strike allegation is speculative as Plaintiff: (a) cannot describe how Captain Edgar purportedly used his firearm to hit Plaintiff (*W. Peterson* Dep. [35-4] at 17:4-7); (b)

could not clearly see as his face was tilted to one side (*Id*. at 45:3-11); and (c) has no frame of reference to support that he was, in fact, hit by a firearm (*Id*.). Plaintiff's testimony, therefore, "prevents him from presenting his claims against [Captain Edgar] with sufficient depth and detail to overcome [Captain Edgar's] qualified immunity defense." *Aultman*, 2021 WL 7907332, at *7.

The Court, therefore, must dismiss Plaintiff's excessive force claim against Captain Edgar as (a) Plaintiff's allegations fail to demonstrate that Captain Edgar used excessive force during Plaintiff's arrest, and (b) Plaintiff's allegations fail to defeat Captain Edgar's qualified immunity.

## **CONCLUSION**

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323. "In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed [Captain Edgar's] actions were proper." *Babb*, 33 F.3d at 477. Here, Plaintiff's allegations lack the necessary factual depth to either (1) establish constitutional violations, or (2) overcome Captain Edgar's qualified immunity related to any established violations.

As to Plaintiff's alleged constitutional violations, the force that Captain Edgar testified he used to effectuate the arrest of Plaintiff—which this Court must judge from Captain Edgar's perspective—was reasonable under the circumstances, and it was not excessive to the need of subduing an arrestee attempting to use a wine bottle as a weapon

against an officer. In other words, Plaintiff fails to state claims for constitutional violations upon which relief may be granted.

Accordingly, based on the authorities and reasons stated hereinabove, as well as in his Motion for Summary Judgment based on Qualified Immunity, Captain Shane Edgar would respectfully request that this Court recognize his qualified immunity, and dismiss the above-mentioned federal law claims against him with prejudice.

**DATE:**        **December 2, 2022.**

Respectfully submitted,

**SHANE EDGAR**

BY:    */s/ Lance W. Martin*
          One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## <u>CERTIFICATE</u>

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in support of Motion for Summary Judgment based on Qualified Immunity with the Clerk of the Court using the ECF system, which shall give notice to:

> G. Morgan Holder, Esq.
> Christopher E. Smith, Esq.
> SMITH & HOLDER, PLLC
> Post Office Box 1149
> Gulfport, MS 39502-1149
> morgan@smithholder.com
> chris@smithholder.com
> *Counsel for Plaintiff*

This, the 2d day of December, 2022.

> */s/ Lance W. Martin*
> OF COUNSEL