**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WALLACE DWAYNE PETERSON, JR.**                                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:20-cv-216-HSO-BWR**

**PEARL RIVER COUNTY, MISSISSIPPI; and**
**SHANE EDGAR, Individually**                                                         **DEFENDANTS**

**SHANE EDGAR'S MOTION FOR STAY**

Comes now, Shane Edgar ("Captain Edgar" or "Movant"), by and through counsel, and, pursuant to Rule 16 of the Local Uniform Civil Rules of the United State District Courts for the Northern District and Southern District of Mississippi, submits his Motion for Stay as follows:

1. On July 1, 2020, Plaintiff filed this suit against Pearl River County Sheriff David Allison and John and Jane Does. *CM/ECF Doc. No.* 1. Captain Edgar was not a named defendant, but was involved in the arrest about which Plaintiff complains.

2. On August 14, 2020, the County and Sheriff Allison filed their Answer to Plaintiffs' Complaint, and Sheriff Allision raised qualified immunity as a defense. *CM/ECF Doc. No.* 8.

3. On September 14, 2020, Sheriff Allison filed his Motion for Judgment on the Pleadings based on Qualified Immunity, seeking dismissal of Plaintiff's claims against him. *CM/ECF Doc. Nos.* 7, 8.

4. Subsequently, the Court dismissed all of Plaintiff's claims asserted against Sheriff Allison except for a bystander liability claim. *CM/ECF Doc. No.* 14.  The parties,

thereafter, engaged in limited immunity-related discovery including, among other things, deposing Plaintiff and Captain Edgar, the latter of which was not yet a named defendant.

5. On November 22, 2021, Sheriff Allison filed his second Motion for Summary Judgment based on evidence gathered during immunity discovery. *CM/ECF Doc. No.* 35-36. The Court granted that Motion, and dismissed Sheriff Allison from this suit altogether, leaving only the County and John/Jane Does. *CM/ECF Doc. No. 38.*

6. On August 10, 2022, Plaintiff filed a Motion for Leave to File First Amended Complaint to substitute Captain Edgar as a defendant in place of a John Doe 1. *CM/ECF Doc. No.* 39 at 1 (¶ 1). The Court granted the Motion, and Plaintiff filed a First Amended Complaint naming Captain Edgar as a defendant in his individual capacity. *CM/ECF Doc. No.* 44 at 2 (¶ 3).

7. The County and Captain Edgar answered the First Amended Complaint on October 21, 2022, and, therein, Captain Edgar raised qualified immunity as a defense. *CM/ECF Doc. No. 45* at 2 (Fourth Defense).

8. On October 31, 2022, the Court issued its Rule 16 Order setting the deadline for a Telephonic Case Management Conference ("TCMC"). *CM/ECF Doc. No. 46* at 1. On December 2, 2022, however, Captain Edgar filed his Motion for Summary Judgment based on Qualified Immunity in this matter. Local Uniform Civil Rule 16(b)(3)(B) provides that the filing of an "immunity defense or jurisdictional defense motion **stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion**…." L.U.Civ.R. 16(b)(3)(B).

10. As this Court is aware, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). The Fifth Circuit recently reiterated in *Carswell v. Camp*, No. 21-10171, 2022 WL 17335977 (5th Cir. Nov. 30, 2022) that qualified immunity must be adjudicated at the earliest possible stages of litigation and its very purpose is to protect officials from "concerns of litigation, including avoidance of disruptive discovery." *Carswll*, 2022 WL 17335977, at *4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)).

11. Here, the discovery necessary for a dispositive Motion on qualified immunity has already been completed since both Plaintiff and Captain Edgar were previously deposed on the underlying facts of this matter.

12. While no additional discovery is necessary for the Court's determining Captain Edgar's pending Motion for Summary Judgment based on Qualified Immunity, to the extent Plaintiff seeks to engage in "other discovery," the same should be prohibited. That is, to the extent Plaintiff argues that damages discovery and/or *Monell* discovery can proceed, *Carswell* says "No." *Id*. at *5. This Court, therefore, must stay this matter.

11. In fact, in *Carswell*, the Fifth Circuit addressed moving forward with *Monell* discovery while a qualified immunity defense was pending, and found that this imposes a burden on the defendant asserting qualified immunity. The Court addressed several arguments in making this decision. First, the Court noted that simply because an official would have to testify anyway was insufficient to allow discovery to proceed. Next, the Court noted that the fact that the individual asserting qualified immunity could

3

theoretically be deposed twice, once on immunity issues and once on *Monell* "exacerbates the burdens of litigation" on the public official and turns "qualified immunity on its head by doubling the 'heavy costs' of litigation." *Id*. (quoting *Iqbal*, 556 U.S. at 685). Finally, bifurcation would radically complicate a case. Clearly, no discovery should proceed until the Court has ruled on the pending Motion for Summary Judgment based on Captain Edgar's Qualified Immunity.

12. Movant, therefore, respectfully requests this Court apply Local Rule 16 and stay all matters including all discovery, disclosure requirements, the submission of confidential settlement memoranda, as well as the case management conference, until his pending immunity motion has been resolved.

13. Because of the simple and self-explanatory nature of this Motion and the legal authorities citied herein, Captain Shane Edgar requests that this Court relieve him of any obligation to submit a supporting memorandum of authorities to accompany the instant Motion.

WHEREFORE, PREMISES CONSIDERED, Captain Shane Edgar respectfully requests that, pursuant to Local Rule 16(b)(3)(B), this Court stay all matters including disclosure requirements, the submission of confidential settlement memoranda, the case management conference, and all discovery until this Court has ruled on the pending qualified immunity Motion.

**DATE:** **December 2, 2022.**

        Respectfully submitted,

        **SHANE EDGAR**

BY:   */s/ Lance W. Martin*
        One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

**CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion for Stay with the Clerk of the Court using the ECF system, which shall give notice to:

> G. Morgan Holder, Esq.
> Christopher E. Smith, Esq.
> SMITH & HOLDER, PLLC
> Post Office Box 1149
> Gulfport, MS 39502-1149
> morgan@smithholder.com
> chris@smithholder.com
> *Counsel for Plaintiff*

This, the 2d day of December, 2022.

> */s/ Lance W. Martin*
> OF COUNSEL